UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LELAND JOHNSON,

    Plaintiff,                                                    Case No. 15-12702

                                                                 Paul D. Borman
v.                                                        United States District Judge

MOTOR CITY CASINO,

    Defendant.
_____/

ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*
AND DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)

On August 3, 2015, Plaintiff Leland Johnson, proceeding *pro se*, filed a Complaint and Application to Proceed *In Forma Pauperis*. (ECF Nos. 1, 2.) The Court GRANTS Plaintiff's Application to Proceed *In Forma Pauperis* under 28 U.S.C. § 1915(a)(1) and DISMISSES his Complaint under 28 U.S.C. § 1915(e)(2).

Complaints filed by a plaintiff proceeding *in forma pauperis* are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss claims that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint "is frivolous where it lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Factual frivolousness includes contentions that are "clearly baseless," or which describe "fantastic or delusional scenarios . . . ." *Id*. at 327-28.

1

The Court is required to construe Plaintiff's *pro se* Complaint liberally and to hold Plaintiff's Complaint to a less stringent standard than one drafted by an attorney. *Spotts v. United States,* 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, § 1915(e)(2)(B) directs that this Court must nonetheless dismiss such a complaint if, given that liberal construction, it is frivolous or fails to state a claim on which relief can be granted.

The Court has carefully reviewed Plaintiff's Complaint, which consists of fractured phrases devoid of context, and cannot discern a basis for an arguable legal claim. Plaintiff appears to be complaining about winnings from a casino and a jackpot, but the nature of his claim is indecipherable. He has checked seven (7) different boxes on his Civil Cover Sheet to describe the nature of his suit, including immigration and bankruptcy. The Court cannot discern an arguable basis for a claim from the allegations, nor can the Court detect any basis for federal subject matter jurisdiction. *See Campanella v. Commerce Exchange Bank*, 137 F.3d 885, 890 (6th Cir. 1998) ("[I]t is beyond question that federal courts have a continuing obligation to inquire into the basis of subject-matter jurisdiction to satisfy themselves that jurisdiction to entertain an action exists.").

Accordingly, the Court DISMISSES Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) as factually frivolous and without an arguable basis in law and for lack of federal subject matter jurisdiction. The Court certifies that any appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: August 7, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 7, 2015.

                                              s/Deborah Tofil
                                              Case Manager